UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NICHOLAS J. QUEEN,                     :
                                       :
          Petitioner                   :
                                       :
     v.                                :    CIVIL NO. 3:CV-06-1166
                                       :
UNITED STATES PENITENTIARY,            :    (Judge Conaboy)
LEWISBURG                              :
                                       :
          Respondent

_____

**MEMORANDUM AND ORDER**
**Background**

Nicholas J. Queen, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Along with his petition, Queen has submitted a request for leave to proceed in forma pauperis.  For the reasons set forth below, Petitioner's action will be dismissed as a successive petition.

Named as sole Respondent is USP-Lewisburg.  Queen's present petition is the latest in a series of similar challenges to the legality of his ongoing federal incarceration.  The gist of his claims is that the Federal Bureau of Prisons (BOP) improperly altered his federal sentence.  His present action asserts that based on newly discovered evidence, this Court's January 21, 2000

1

denial of his prior federal habeas corpus petition was improper.[1]
See Queen v. Romine, Civil No. 3:CV-98-2074, slip op. (M.D. Pa.
Jan. 21, 2000)(Conaboy, J.).

        Petitioner was sentenced to a two (2) year term of
incarceration by a Maryland state court in 1993.  Later that same
year, he was charged in an eight (8) count federal indictment
relating to his participation in armed and unarmed bank robberies.
Following a jury trial in the United States District Court for the
District of Maryland, Queen was found guilty of federal bank
robbery charges and sentenced to a five hundred and sixty-two (562)
month term of incarceration.  See United States v. Queen, 73 F. 3d
359 (D. Md. 1995).

        Rather than being returned to the custody of Maryland state
officials upon completion of his federal prosecution, the
Petitioner was mistakenly transferred to USP-Lewisburg on October
24, 1994 for the purpose of serving his federal sentence.  Queen
was returned to the custody of the State of Maryland on December
16, 1994 in order to finish service of his previously imposed state
sentence.  Following completion of his state sentence, Queen was
transferred back into federal custody on April 24, 1995.

        Queen's present habeas corpus petition again asserts that he
is entitled to immediate release on the grounds that his ongoing

_____

1.   It is noted that the petition indicates that Queen acquired his
"newly" discovered evidence on or about July 19, 2002.  See doc. 1,
p. 4.

federal sentence was improperly altered by the BOP when he was returned to Maryland state custody.

## **Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970).  Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

Prior to the 1996 amendments, § 2244 authorized dismissal of a successive habeas petition "that presented no new ground not heretofore presented and determined."  McCleskey vs. Zant, 499 U.S. 467, 483 (1991). § 2244 provided:

> (a) No circuit or district judge shall be required
> to entertain an application for writ of habeas
> corpus to inquire into the detention of a person
> pursuant to a judgment of a court of the United
> States if it appears that the legality of such

3

detention has been determined by a judge or court of
the United States on a prior application for writ of
habeas corpus and the petition presents no new
ground not heretofore presented and determined, and
the judge or court is satisfied that the ends of
justice will not be served by such inquiry.

The Supreme Court in McCleskey expanded § 2244 to also

preclude a person from raising a new claim in a subsequent habeas

petition that he could have raised in his first habeas petition:

A petitioner may abuse the writ by failing to raise
a claim through inexcusable neglect.  Our most
recent decisions confirm that a petitioner can abuse
the writ by raising a claim in a subsequent petition
that he could have raised in his first, regardless
of whether the failure to raise it earlier stemmed
from a deliberate choice.

McCleskey, 499 U.S. at 489.

Following the 1996 amendments, Section 2244(b)(2) now

provides:

        (2)  A claim presented in a second or successive habeas
             corpus application under section 2254 that was not
             presented in a prior application shall be
             dismissed unless–

             (A)  the applicant shows that the claim relies on
                  a new rule of constitutional law made
                  retroactive to cases on collateral review by
                  the Supreme Court, that was previously
                  unavailable, or

             (B)  (i)  the factual predicate for the claim
                  could not have been discovered previously
                  through the existence of due diligence; and

                  (ii) the facts underlying the claim, if
                  proven and viewed in the light as a whole,
                  would be sufficient to establish by clear and
                  convincing evidence that, but for
                  constitutional error, no reasonable fact
                  finder would have found the applicant guilty
                  of the underlying offense.

        (3) (A) Before a second or successive application
                permitted by this section is filed in the

4

district court, the applicant shall move in
the appropriate court of appeals for an
order authorizing the district court to
consider the application.

Queen has previously asserted similar, if not identical,
claims in numerous actions before this Court.  His previous filings
included both unsuccessful federal habeas corpus petitions and
civil rights actions which were summarily dismissed.  Furthermore,
two prior § 2241 actions by Petitioner which asserted the same
claim as his present matter were previously dismissed by this Court
as successive petitions.  See Queen v. Federal Bureau of Prisons,
Civil No. 3:CV-05-2504, slip op. (M.D. Pa. Dec. 20,
2005)(Conaboy,J.); Queen v. Scott Dodrill, Civil No. 3:CV-03-290,
slip op. (M.D. Pa. Feb. 27, 2003)(Conaboy, J.).

Based on this Court's review of the pending habeas petition,
it is raising the same claim which was set forth in his prior
unsuccessful habeas petitions.  Queen is now attempting to obtain
reconsideration of his argument by contending that he has newly
discovered evidence.  Even if the Petitioner does have newly
discovered evidence, there is no indication that he applied for,
and was granted leave to file a second or successive habeas corpus
petition by the United States Court of Appeals for the Third
Circuit.  Consequently, under the requirements set forth in §
2244(b)(2), the instant petition cannot be entertained by this
Court.  If Queen wishes to reassert his present claim before this
Court, he must first obtain permission to do so from the Third
Circuit Court of Appeals.  An appropriate Order will enter.

AND NOW, THEREFORE, THIS 13th DAY OF JUNE, 2006, IT IS HEREBY ORDERED THAT:

1.   Petitioner is granted leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> for the sole purpose of the filing of this action.

2.   The petition for writ of habeas corpus is dismissed as an unauthorized successive petition.

3.   The Clerk of Court is directed to close the case.

4.   Based on the Court's determination herein, there is no basis for the issuance of a certificate of appealbility.


<u>S/Richard P. Conaboy</u>
RICHARD P. CONABOY
United States District Judge